IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., <br><br>    Plaintiff, <br><br>v. <br><br>SHARP CORPORATION; <br>SHARP ELECTRONICS CORPORATION; <br>AND SHARP ELECTRONICS <br>MANUFACTURING COMPANY OF <br>AMERICA, INC. <br><br>    Defendants. | Civil Action No. 07-843-SLR <br><br>**JURY TRIAL DEMANDED** |
| SHARP CORPORATION; <br>SHARP ELECTRONICS CORPORATION; <br>AND SHARP ELECTRONICS <br>MANUFACTURING COMPANY OF <br>AMERICA, INC. <br><br>    Counterclaim-plaintiffs, <br><br>v. <br><br>SAMSUNG ELECTRONICS CO., LTD., <br>SAMSUNG ELECTRONICS AMERICA, INC., <br>and SAMSUNG SEMICONDUCTOR, INC., <br><br>    Counterclaim-defendants. | |

**PLAINTIFF SAMSUNG ELECTRONICS CO., LTD,
AND COUNTERCLAIM-DEFENDANTS
SAMSUNG ELECTRONICS AMERICA, INC., AND
SAMSUNG SEMICONDUCTOR, INC.'S
<u>ANSWER AND COUNTERCLAIMS</u>**

Plaintiff Samsung Electronics, Co., Ltd., and Counterclaim-Defendants Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc., (collectively, "Samsung"), by and through undersigned counsel, hereby provide an Answer and Counterclaims to the Amended Counterclaims of Defendants Sharp Corporation; Sharp Electronics Corporation; and Sharp

Electronics Manufacturing Company of America, Inc. (collectively, "the Sharp Defendants" or "the Sharp Counterclaim-Plaintiffs"), admitting those facts specifically admitted below and denying all others averred in the Counterclaims, and state as follows:

### THE SHARP DEFENDANTS' COUNTERCLAIMS AND THIRD-PARTY CLAIMS PARTIES

35. On information and belief, Samsung admits that Sharp Corporation ("Sharp Corp.") is a Japanese corporation with its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan. On information and belief, Samsung also admits that Sharp Corp. manufactures liquid crystal display modules ("LCD Modules") as well as other devices that incorporate LCD Modules ("LCD Products"). Except as admitted, Samsung denies the allegations in paragraph 35 of the Sharp Defendants' Amended Counterclaims.

36. Samsung admits the allegations of paragraph 36 of the Sharp Defendants' Amended Counterclaims.

37. Samsung admits the allegations of paragraph 37 of the Sharp Defendants' Amended Counterclaims.

38. Samsung admits that Samsung Electronics Co., Ltd. ("Samsung Electronics") is a limited liability corporation organized under the laws of Korea, with its principal place of business at 250, Taepyeongno 2-ga, Jung-gu, Seoul, 100-742, Korea. Except as admitted, Samsung denies the allegations in paragraph 38 of the Sharp Defendants' Amended Counterclaims.

39. Samsung admits that Samsung Electronics America, Inc. ("SEA") is a corporation organized under the laws of New York, with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660; and that SEA is a subsidiary of Samsung Electronics.

Except as admitted, Samsung denies the allegations in paragraph 39 of the Sharp Defendants' Amended Counterclaims.

40.     Samsung admits that Samsung Semiconductor, Inc. ("SSI") is a corporation organized under the laws of California, with its principal place of business at 3655 North First Street, San Jose, California 95134; and that SSI is a subsidiary of Samsung Electronics. Except as admitted, Samsung denies the allegations in paragraph 40 of the Sharp Defendants' Amended Counterclaims.

41.     Samsung admits that Samsung Electronics, SEA, and SSI are affiliated entities. Except as admitted, Samsung denies the allegations in paragraph 41 of the Sharp Defendants' Amended Counterclaims.

## JURISDICTION

43.     Samsung admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this purports to be a civil action arising out of the patent laws of the United States, but Samsung expressly denies any liability thereunder. Samsung also admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202. Except as admitted, Samsung denies the allegations of paragraph 43 of the Sharp Defendants' Amended Counterclaims.

## VENUE

44.     Samsung does not contest that venue in this case is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Samsung denies that it has committed any acts of patent infringement within or outside of this judicial district, and also denies all other allegations in paragraph 44 of the Sharp Defendants' Amended Counterclaims.

### THE SHARP DEFENDANTS'
### FIRST DECLARATORY JUDGMENT COUNTERCLAIM
### (U.S. Patent No. 7,193,666)

45. Samsung admits that the Sharp Defendants' First Declaratory Judgment Counterclaim is asserted solely against Samsung Electronics.

46. Excepted as specifically admitted above, Samsung denies any allegations incorporated by reference into paragraph 46 of the Sharp Defendants' Amended Counterclaims.

47. Samsung denies the allegations in paragraph 47 of the Sharp Defendants' Amended Counterclaims.

48. Samsung denies the allegations in paragraph 48 of the Sharp Defendants' Amended Counterclaims.

49. Samsung admits the allegations in paragraph 49 of the Sharp Defendants' Amended Counterclaims.

50. Samsung denies the allegations in paragraph 50 of the Sharp Defendants' Amended Counterclaims.

### THE SHARP DEFENDANTS'
### SECOND DECLARATORY JUDGMENT COUNTERCLAIM
### (U.S. Patent No. 6,771,344)

51. Samsung admits that the Sharp Defendants' Second Declaratory Judgment Counterclaim is asserted solely against Samsung Electronics.

52. Excepted as specifically admitted above, Samsung denies any allegations incorporated by reference into paragraph 52 of the Sharp Defendants' Amended Counterclaims.

53. Samsung denies the allegations in paragraph 53 of the Sharp Defendants' Amended Counterclaims.

54. Samsung denies the allegations in paragraph 54 of the Sharp Defendants' Amended Counterclaims.

55. Samsung admits the allegations in paragraph 55 of the Sharp Defendants' Amended Counterclaims.

56. Samsung denies the allegations in paragraph 56 of the Sharp Defendants' Amended Counterclaims.

**THE SHARP DEFENDANTS'
<u>THIRD DECLARATORY JUDGMENT COUNTERCLAIM</u>
(U.S. Patent No. 7,295,196)**

57. Samsung admits that the Sharp Defendants' Third Declaratory Judgment Counterclaim is asserted solely against Samsung Electronics.

58. Excepted as specifically admitted above, Samsung denies any allegations incorporated by reference into paragraph 58 of the Sharp Defendants' Amended Counterclaims.

59. Samsung denies the allegations in paragraph 59 of the Sharp Defendants' Amended Counterclaims.

60. Samsung denies the allegations in paragraph 60 of the Sharp Defendants' Amended Counterclaims.

61. Samsung admits the allegations in paragraph 61 of the Sharp Defendants' Amended Counterclaims.

62. Samsung denies the allegations in paragraph 62 of the Sharp Defendants' Amended Counterclaims.

**THE SHARP DEFENDANTS'
<u>FOURTH DECLARATORY JUDGMENT COUNTERCLAIM</u>
(U.S. Patent No. 6,937,311)**

63.     Samsung admits that the Sharp Defendants' Fourth Declaratory Judgment Counterclaim is asserted solely against Samsung Electronics.

64.     Excepted as specifically admitted above, Samsung denies any allegations incorporated by reference into paragraph 64 of the Sharp Defendants' Amended Counterclaims.

65.     Samsung denies the allegations in paragraph 65 of the Sharp Defendants' Amended Counterclaims.

66.     Samsung denies the allegations in paragraph 66 of the Sharp Defendants' Amended Counterclaims.

67.     Samsung admits the allegations in paragraph 67 of the Sharp Defendants' Amended Counterclaims.

68.     Samsung denies the allegations in paragraph 68 of the Sharp Defendants' Amended Counterclaims.

**THE SHARP DEFENDANTS'
<u>FIRST INFRINGEMENT CLAIM/COUNTERCLAIM</u>
(U.S. Patent No. 6,879,364)**

69.     Excepted as specifically admitted above, Samsung denies any allegations incorporated by reference into paragraph 69 of the Sharp Defendants' Amended Counterclaims.

70.     Samsung admits that U.S. Patent No. 6,879,364 ("the '364 patent"), on its face, states that it was issued April 12, 2005, and is entitled "Liquid Crystal Display Apparatus Having Alignment Control for Brightness and Response."  Samsung is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 70 of the Sharp Defendants' Amended Counterclaims and therefore denies each and every such allegation.

71. Samsung is without knowledge or information sufficient to form a belief as to the allegations in paragraph 71 of the Sharp Defendants' Amended Counterclaims and therefore denies each and every such allegation.

72. Samsung denies the allegations in paragraph 72 of the Sharp Defendants' Amended Counterclaims.

73. Samsung denies the allegations in paragraph 73 of the Sharp Defendants' Amended Counterclaims.

74. Samsung denies the allegations in paragraph 74 of the Sharp Defendants' Amended Counterclaims.

## THE SHARP DEFENDANTS' SECOND INFRINGEMENT CLAIM/COUNTERCLAIM
### (U.S. Patent No. 6,952,192)

75. Excepted as specifically admitted above, Samsung denies any allegations incorporated by reference into paragraph 75 of the Sharp Defendants' Amended Counterclaims.

76. Samsung admits that U.S. Patent No. 6,952,192 ("the '192 patent"), on its face, states that it was issued October 4, 2005, and is entitled "Liquid Crystal Display Device and Its Drive Method." Samsung is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 76 of the Sharp Defendants' Amended Counterclaims and therefore denies each and every such allegation.

77. Samsung is without knowledge or information sufficient to form a belief as to the allegations in paragraph 77 of the Sharp Defendants' Amended Counterclaims and therefore denies each and every such allegation.

78. Samsung denies the allegations in paragraph 78 of the Sharp Defendants' Amended Counterclaims.

79. Samsung denies the allegations in paragraph 79 of the Sharp Defendants' Amended Counterclaims.

80. Samsung denies the allegations in paragraph 80 of the Sharp Defendants' Amended Counterclaims.

81. Samsung denies the allegations in paragraph 81 of the Sharp Defendants' Amended Counterclaims.

**THE SHARP DEFENDANTS'**
**THIRD INFRINGEMENT CLAIM/COUNTERCLAIM**
**(U.S. Patent No. 7,304,626)**

82. Excepted as specifically admitted above, Samsung denies any allegations incorporated by reference into paragraph 82 of the Sharp Defendants' Amended Counterclaims.

83. Samsung admits that U.S. Patent No. 7,304,626 ("the '626 patent"), on its face, states that it was issued December 4, 2007, and is entitled "Display Device and Display Method." Samsung is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 83 of the Sharp Defendants' Amended Counterclaims and therefore denies each and every such allegation.

84. Samsung is without knowledge or information sufficient to form a belief as to the allegations in paragraph 84 of the Sharp Defendants' Amended Counterclaims and therefore denies each and every such allegation.

85. Samsung denies the allegations in paragraph 85 of the Sharp Defendants' Amended Counterclaims.

86. Samsung denies the allegations in paragraph 86 of the Sharp Defendants' Amended Counterclaims.

87. Samsung denies the allegations in paragraph 87 of the Sharp Defendants' Amended Counterclaims.

### THE SHARP DEFENDANTS'
### FOURTH INFRINGEMENT CLAIM/COUNTERCLAIM
### (U.S. Patent No. 7,304,703)

88. Excepted as specifically admitted above, Samsung denies any allegations incorporated by reference into paragraph 88 of the Sharp Defendants' Amended Counterclaims.

89. Samsung admits that U.S. Patent No. 7,304,703 ("the '703 patent"), on its face, states that it was issued April 12, 2005, and is entitled "Vertically Aligned (VA) Liquid Crystal Display Device." Samsung is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 89 of the Sharp Defendants' Amended Counterclaims and therefore denies each and every such allegation.

90. Samsung is without knowledge or information sufficient to form a belief as to the allegations in paragraph 90 of the Sharp Defendants' Amended Counterclaims and therefore denies each and every such allegation.

91. Samsung denies the allegations in paragraph 91 of the Sharp Defendants' Amended Counterclaims.

92. Samsung denies the allegations in paragraph 92 of the Sharp Defendants' Amended Counterclaims.

93. Samsung denies the allegations in paragraph 93 of the Sharp Defendants' Amended Counterclaims.

## THE SHARP DEFENDANTS' PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

94. Samsung denies that the Sharp Defendants are entitled to judgment in its favor, or any relief whatsoever.

95. Samsung admits that the Sharp Defendants have demanded a jury trial on all issues that are so triable, but denies that any such issues exist in this case.

## ADDITIONAL DEFENSES

96. In addition to the defenses described below, Samsung expressly reserves the right to allege additional defenses as they become known through the course of discovery or otherwise.

## FIRST ADDITIONAL DEFENSE

97. Samsung did not, and does not, directly or indirectly infringe, or contribute to or induce the infringement of any valid or enforceable claim of the '364 patent, the '192 patent, the '703 patent, or the '626 patent (collectively "the Sharp patents-in-suit"), and has not otherwise committed any act in violation of 35 U.S.C. § 271.

## SECOND ADDITIONAL DEFENSE

98. The Sharp patents-in-suit are invalid because they fail to comply with one or more of the statutory requirements of patentability specified by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112 and/or 116.

**THIRD ADDITIONAL DEFENSE**

99.     The relief sought by the Sharp Defendants is barred in whole or in part by the doctrine of laches.

**FOURTH ADDITIONAL DEFENSE**

100.    The Sharp Defendants' alleged remedies are limited due to failures to comply with 35 U.S.C. § 287.

**FIFTH ADDITIONAL DEFENSE**

101.    The Sharp Defendants are equitably estopped from pursuing claims against Samsung.

**SIXTH ADDITIONAL DEFENSE**

102.    The Sharp Defendants' claims against Samsung are barred based on prior licenses and agreements to which Sharp is a party and under the doctrines of patent exhaustion and implied license.

**SEVENTH ADDITIONAL DEFENSE**

103.    The relief sought by the Sharp Defendants is barred in whole or in part by the doctrine of unclean hands and/or patent misuse.

**EIGHTH ADDITIONAL DEFENSE**

104.    Samsung reserves the right to assert any other defenses that discovery may reveal, including the defense of unenforceability due to inequitable conduct.

## SAMSUNG'S COUNTERCLAIMS

105. Counterclaim-Defendants Samsung Electronics, SEA, and SSI allege as follows:

## PARTIES

106. Samsung Electronics Co., Ltd., ("Samsung Electronics") is a limited liability corporation organized under the laws of Korea, with its principal place of business at 250, Taepyeongno 2-ga, Jung-gu, Seoul, 100-742, Korea. Samsung is a world leader in the design, innovation, manufacture and marketing of a wide variety of electronic products, including devices employing the liquid crystal display ("LCD") technology that is at the heart of this action.

107. Samsung Electronics America, Inc. ("SEA") is a corporation organized under the laws of New York, with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

108. Samsung Semiconductor, Inc. ("SSI") is a corporation organized under the laws of California, with its principal place of business at 3655 North First Street, San Jose, California 95134.

109. On information and belief, Defendant and Counterclaim-Plaintiff Sharp Corporation ("Sharp Corp.") is a Japanese corporation with its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan.

110. On information and belief, Defendant and Counterclaim-Plaintiff Sharp Electronics Corporation ("Sharp USA") is a corporation organized and existing under the laws of New York, with its principal place of business at Sharp Plaza, Mahwah, New Jersey 07430-2135.

111. On information and belief, Defendant and Counterclaim-Plaintiff Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") is a corporation organized

12

under the laws of California with its principal place of business at 9295 Siempre Viva Road, Suite J2, San Diego, California 92154.

## JURISDICTION AND VENUE

112.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns a federal question relating to patents arising under Title 35 of the United States Code, and pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a civil action for a declaratory judgment.

113.  This Court has personal jurisdiction over Sharp Corp., Sharp USA, and SEMA (collectively, "the Sharp Counterclaim-Plaintiffs") by virtue of its having submitted to the jurisdiction of this Court by filing the underlying infringement claims/counterclaims.

114.  Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b), because the Sharp Counterclaim-Plaintiffs do business in the State of Delaware and have committed acts of infringement in this State and this District; because the Sharp Counterclaim-Plaintiffs are subject to personal jurisdiction in this Court; and because Sharp Corp. is an alien that may be sued in any district.

## SAMSUNG'S DECLARATORY JUDGMENT COUNTERCLAIMS

### FIRST DECLARATORY JUDGMENT COUNTERCLAIM
(Non-infringement, Invalidity, and Unenforceability of U.S. Patent No. 6,879,364)

115.  Samsung incorporates by reference the allegations of paragraphs 35-115 above as though fully set forth herein.

116.  Samsung did not and does not directly infringe, indirectly infringe, contribute to or induce the infringement of any valid or enforceable claim of the '364 patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

117. The '364 patent is invalid for failing to meet the conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 116.

118. On information and belief, the '364 patent is unenforceable based upon one or more of the Additional Defenses listed above.

119. An actual controversy exists between Samsung and the Sharp Counterclaim-Plaintiffs concerning the alleged infringement, validity, and enforceability of the '364 patent by virtue of the Sharp Counterclaim-Plaintiffs' allegations of infringement in this suit.

120. Samsung is entitled to judgment from this Court that the '364 patent is not infringed by Samsung, is invalid, and is unenforceable.

**SECOND DECLARATORY JUDGMENT COUNTERCLAIM**
**(Non-infringement, Invalidity, and Unenforceability of U.S. Patent No. 6,952,192)**

121. Samsung incorporates by reference the allegations of paragraphs 35-120 above as though fully set forth herein.

122. Samsung did not and does not directly infringe, indirectly infringe, contribute to or induce the infringement of any valid or enforceable claim of the '192 patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

123. The '192 patent is invalid for failing to meet the conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 116.

124. On information and belief, the '192 patent is unenforceable based upon one or more of the Additional Defenses listed above.

125. An actual controversy exists between Samsung and the Sharp Counterclaim-Plaintiffs concerning the alleged infringement, validity, and enforceability of the '192 patent by virtue of the Sharp Counterclaim Plaintiffs' allegation of infringement in this suit.

126. Samsung is entitled to judgment from this Court that the '192 patent is not infringed by Samsung, is invalid, and is unenforceable.

### THIRD DECLARATORY JUDGMENT COUNTERCLAIM
**(Non-infringement, Invalidity, and Unenforceability of U.S. Patent No. 7,304,703)**

127. Samsung incorporates by reference the allegations of paragraphs 35-127 above as though fully set forth herein.

128. Samsung did not and does not directly infringe, indirectly infringe, contribute to or induce the infringement of any valid or enforceable claim of the '703 patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

129. The '703 patent is invalid for failing to meet the conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 116.

130. On information and belief, the '703 patent is unenforceable based upon one or more of the Additional Defenses listed above.

131. An actual controversy exists between Samsung and the Sharp Counterclaim-Plaintiffs concerning the alleged infringement, validity, and enforceability of the '703 patent by virtue of the Sharp Counterclaim-Plaintiffs' allegation of infringement in this suit.

132. Samsung is entitled to judgment from this Court that the '703 patent is not infringed by Samsung, is invalid, and is unenforceable.

## FOURTH DECLARATORY JUDGMENT COUNTERCLAIM
### (Non-infringement, Invalidity, and Unenforceability of U.S. Patent No. 7,304,626)

133. Samsung incorporates by reference the allegations of paragraphs 35-132 above as though fully set forth herein.

134. Samsung did not and does not directly infringe, indirectly infringe, contribute to or induce the infringement of any valid or enforceable claim of the '626 patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

135. The '626 patent is invalid for failing to meet the conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 116.

136. On information and belief, the '626 patent is unenforceable based upon one or more of the Additional Defenses listed above.

137. An actual controversy exists between Samsung and the Sharp Counterclaim-Plaintiffs concerning the alleged infringement, validity, and enforceability of the '626 patent by virtue of the Sharp Counterclaim Plaintiffs' allegation of infringement in this suit.

138. Samsung is entitled to judgment from this Court that the '626 patent is not infringed by Samsung, is invalid, and is unenforceable.

### PRAYER FOR RELIEF

WHEREFORE, Samsung prays for an Order and Judgment from this Honorable Court:

A. declaring that Samsung does not infringe any claim of the Sharp patents-in-suit, and dismissing the case with prejudice;

B. declaring that each and every claim of the Sharp patents-in-suit are invalid;

C. declaring that the Sharp patents-in-suit are unenforceable;

D.  declaring that the Sharp Counterclaim-Plaintiffs are not entitled to any injunctive relief sought by the Sharp Counterclaim-Plaintiffs;

E.  adjudging this case "exceptional" within the meaning of 35 U.S.C. § 285, entitling Samsung to an award of its reasonable attorneys' fees, expenses, and costs; and

F.  granting such other and further equitable or legal relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Samsung hereby demands a jury trial on all issues so triable.

Dated:  February 25, 2008            FISH & RICHARDSON P.C.

By: */s/ Raymond Scott*
William J. Marsden (#2247)
Raymond Scott (#4949)
919 N. Market St., Ste. 1100
P. O. Box 1114
Wilmington, DE 19899-1114
Telephone:  302-652-5070
Facsimile:  302-652-0607
marsden@fr.com
rscott@fr.com

Ruffin B. Cordell
Joseph Colaianni
Fish & Richardson P.C.
1425 K Street N.W., Suite 1100
Washington, D.C. 20005
Telephone: 202-783-5070
Facsimile: 202-783-2331

Attorneys for Plaintiff
Samsung Electronics Co., Ltd.

# CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2008, I electronically filed a Plaintiff Samsung Electronics, Co., Ltd., and Counterclaim-Defendants Samsung Electronics America, Inc., and Samsung Semiconductor, Inc.'s Answer and Counterclaim with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Rodger D. Smith, II
> Morris Nichols Arsht & Tunnell LLP
> 1201 N. Market Street
> Wilmington, DE  19899

I hereby certify that on February 25, 2008, I have sent by Electronic mail, the document(s) to the following non-registered participants:

> Alan Cope Johnston
> Morrison & Foerster LLP
> 200 Pennsylvania Avenue, N.W.
> Washington, DC  20006-18888
> Email:  acjohnston@mofo.com
>
> Barry E. Bretschneider
> Morrison & Foerster LLP
> 1650 Tysons Boulevard, Suite 400
> McLean, VA  22102
> Email:  bbretschneider@mofo.com
>
> Joseph A. Rhoa
> Nixon & Vanderhye
> 901 N. Glebe Road
> Arlington, VA  22203
> Email:  jar@nixonvan.com

> */s/ Raymond Scott*
> Raymond Scott