**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SAMSUNG ELECTRONICS CO., LTD.,

        Plaintiff,

        v.

SHARP CORPORATION;
SHARP ELECTRONICS CORPORATION;
AND SHARP ELECTRONICS
MANUFACTURING COMPANY OF
AMERICA, INC.

        Defendants.

---

SHARP CORPORATION;
SHARP ELECTRONICS CORPORATION;
AND SHARP ELECTRONICS
MANUFACTURING COMPANY OF
AMERICA, INC.

        Counterclaim-plaintiffs,

        v.

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG SEMICONDUCTOR, INC.,

        Counterclaim-defendants.

Civil Action No. 07-843-SLR

**JURY TRIAL DEMANDED**

**SAMSUNG ELECTRONICS, CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,
AND SAMSUNG SEMICONDUCTOR, INC.'S OPENING BRIEF IN SUPPORT OF ITS
UNOPPOSED MOTION FOR A MANDATORY STAY**

## TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT.......................................................................................................1

    A.   Samsung Is Entitled To A Mandatory Stay Under 28 U.S.C.
        § 1659(a) ........................................................................................1

III. CONCLUSION.....................................................................................................3

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Princo Corp.*,
478 F.3d 1345 (Fed. Cir. 2007)......................................................................................2


STATUTES

28 U.S.C. § 1659(a) ..............................................................................................1, 2, 3

28 U.S.C. § 1659(a)(1)..................................................................................................2

section 337 of the Tariff Act of 1930...........................................................................1


OTHER AUTHORITIES

19 C.F.R. § 210.3 ..........................................................................................................2

I.    **INTRODUCTION**

Pursuant to 28 U.S.C. § 1659(a), Plaintiff Samsung Electronics, Co., Ltd., and Counterclaim-Defendants Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc., (collectively, "Samsung"), respectfully request that the Court stay the infringement counterclaims asserted by Defendants Sharp Corporation; Sharp Electronics Corporation; and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp") and Samsung's related declaratory judgment counterclaims in this action pending disposition of related proceedings, *In the Matter of Certain Liquid Crystal Display Modules, Products Containing Same, and Methods for Using the Same*, USITC Inv. No. 337-TA-634 ("the 634 investigation"), which were initiated before the United States International Trade Commission ("ITC") under section 337 of the Tariff Act of 1930. That parallel proceeding involves the same parties, the same patents, and the same issues, and counsel for Sharp has indicated that Sharp does not oppose this motion for a stay.

II.    **ARGUMENT**

    A.    **Samsung Is Entitled To A Mandatory Stay Under 28 U.S.C. § 1659(a)**

Federal statutory law provides for a mandatory stay of related civil actions that involve the same parties and the same issues pending final disposition of related proceedings before the ITC:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
> (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a).  Thus, this section requires a stay of district court proceedings until the ITC proceedings involving the same issues are no longer subject to judicial review.  *See In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

Samsung's request for a stay meets the requirements of 28 U.S.C. § 1659(a).  Sharp's infringement counterclaims in this action involve the same parties that are involved in the 634 investigation.    The counterclaim-plaintiff in this action, Sharp Corporation, is also the complainant in the 634 investigation, and the counterclaim-defendants in this action, the three Samsung entities, are also the respondents in the 634 investigation.  *See* Commission's Notice of Investigation, *In the Matter of Certain Liquid Crystal Display Modules, Products Containing Same, and Methods for Using the Same*, USITC Inv. No. 337-TA-634, published in the *Federal Register* on March 4, 2008 (attached as Ex. 1).  Sharp's infringement counterclaims in this action also involve the same issues as the issues involved in the 634 investigation.    The 634 investigation involves allegations that Samsung has infringed certain claims of U.S. Patent No. 6,879,364 ("the '364 patent"), U.S. Patent No. 6,952,192 ("the '192 patent"), U.S. Patent No. 7,304,703 ("the '703 patent"), and U.S. Patent No. 7,304,626 ("the '626 patent").    Sharp's infringement counterclaims in this action likewise allege that Samsung infringes claims of the '364 patent, the '192 patent, the '703 patent, and the '626 patent.    Thus, both the 634 investigation and Sharp's infringement counterclaims involve the infringement, validity, and enforceability of the '364, '192, '703, and '626 patents, as well as any defenses that might be raised to such claims.

Samsung's request for a stay is timely.  Based on the complaint filed by Sharp on January 30, 2008, the ITC instituted an investigation and formally named Samsung as a respondent by publishing its Notice of Investigation in the *Federal Register* on March 4, 2008.  *See* 19 C.F.R. § 210.3 (defining respondent as any "person named in a notice of investigation . . . as allegedly violating section 337 of the Tariff Act of 1930").  Thus, the thirty-day period under 28 U.S.C. § 1659(a)(1) began to run on March 4, 2008.  Because Samsung's motion for a stay is within that thirty-day period, the request for a stay is timely.

The Court should immediately stay Sharp's infringement counterclaims (Counterclaims One through Four in Sharp's Amended Answer and Counterclaims filed February 8, 2008, D.I. 10) and Samsung's related declaratory judgment counterclaims (Counterclaims One through Four in Samsung's Answer and Counterclaims filed February 25, 2008, D.I. 13). Samsung's infringement claims and Sharp's declaratory judgment counterclaims have already been stayed by the Court's Order on February 25, 2008. That stay was in response to Sharp's unopposed motion to stay those claims under 28 U.S.C. § 1659(a) based on the ITC's investigation in *In the Matter of Certain Liquid Crystal Display Devices and Products Containing the Same*, USITC Inv. No. 337-TA-631. Because the remaining claims in this action and the 634 investigation involve the same parties and the same issues—that is, the infringement, validity, and enforceability of the '364, '192, '703, and '626 patents, as well as any defenses that might be raised to such claims—the Court should stay the remaining claims under 28 U.S.C. § 1659(a) pending a final determination by the ITC in the 634 investigation. When the determination of the ITC becomes final, the parties can request that the Court lift this stay.

In requesting a stay pursuant to 28 U.S.C. § 1659(a), Samsung expressly reserves any and all of its objections and defenses, including, but not limited to, any defense based on lack of jurisdiction, improper venue, insufficiency of process and insufficiency of service of process.

## III.    CONCLUSION

For the foregoing reasons, Samsung's motion for a stay should be granted and Sharp's infringement counterclaims and Samsung's declaratory judgment counterclaims in this action should be stayed.

Dated:  March 7, 2008               FISH & RICHARDSON P.C.


By:  */s/ Raymond Scott*
    William J. Marsden (#2247)
    Raymond Scott (#4949)
    919 N. Market St., Ste. 1100
    P. O. Box 1114
    Wilmington, DE 19899-1114
    Telephone:  302-652-5070
    Facsimile:  302-652-0607
    marsden@fr.com
    rscott@fr.com

    Ruffin B. Cordell
    Joseph Colaianni
    Fish & Richardson P.C.
    1425 K Street N.W., Suite 1100
    Washington, D.C. 20005
    Telephone: 202-783-5070
    Facsimile: 202-783-2331

Attorneys for Plaintiff
Samsung Electronics Co., Ltd.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Rodger D. Smith, II
> Morris Nichols Arsht & Tunnell LLP
> 1201 N. Market Street
> Wilmington, DE  19899

I hereby certify that on March 7, 2008, I have sent by Electronic mail, the document(s) to the following non-registered participants:

> Alan Cope Johnston
> Morrison & Foerster LLP
> 200 Pennsylvania Avenue, N.W.
> Washington, DC  20006-18888
> Email:  acjohnston@mofo.com
>
> Barry E. Bretschneider
> Morrison & Foerster LLP
> 1650 Tysons Boulevard, Suite 400
> McLean, VA  22102
> Email:  bbretschneider@mofo.com
>
> Joseph A. Rhoa
> Nixon & Vanderhye
> 901 N. Glebe Road
> Arlington, VA  22203
> Email:  jar@nixonvan.com

                    */s/ Raymond Scott*
                    Raymond Scott

11038526.doc

## INTERNATIONAL TRADE COMMISSION

**[Inv. No. 337–TA–634]**

## In the Matter of Certain Liquid Crystal Display Modules, Products Containing Same, and Methods for Using the Same; Notice of Investigation

**AGENCY:** U.S. International Trade Commission.

**ACTION:** Institution of investigation pursuant to 19 U.S.C. 1337.

**SUMMARY:** Notice is hereby given that a complaint was filed with the U.S. International Trade Commission on January 30, 2008, under section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. 1337, on behalf of Sharp Corporation of Japan. The complaint alleges violations of section 337 based upon the importation into the United States, the sale for importation, and the sale within the United States after importation of certain liquid crystal display modules, products containing same, and methods for using the same that infringe certain claims of U.S. Patent Nos. 6,879,364; 6,952,192; 7,304,703; and 7,304,626. The complaint further alleges that an industry in the United States exists as required by subsection (a)(2) of section 337.

The complainant requests that the Commission institute an investigation and, after the investigation, issue an exclusion order and cease and desist orders.

**ADDRESSES:** The complaint, except for any confidential information contained therein, is available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, SW., Room 112, Washington, DC 20436, telephone 202–205–2000. Hearing impaired individuals are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on 202–205–1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at 202–205–2000. General information concerning the Commission may also be obtained by accessing its Internet server at *http://www.usitc.gov.* The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov.*

**FOR FURTHER INFORMATION CONTACT:** Bryan F. Moore, Esq., Office of Unfair Import Investigations, U.S. International Trade Commission, telephone (202) 205–2767.

**Authority:** The authority for institution of this investigation is contained in section 337 of the Tariff Act of 1930, as amended, and in section 210.10 of the Commission's Rules of Practice and Procedure, 19 CFR 210.10 (2007).

*Scope of Investigation:* Having considered the complaint, the U.S. International Trade Commission, on February 27, 2008, *ordered that*—

(1) Pursuant to subsection (b) of section 337 of the Tariff Act of 1930, as amended, an investigation be instituted to determine whether there is a violation of subsection (a)(1)(B) of section 337 in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain liquid crystal display modules, products containing same, and methods for using the same that infringe one or more of claims 5–7 of U.S. Patent No. 6,879,364; claims 1 and 4 of U.S. Patent No. 6,952,192; claims 1, 2, 6–8, 13, 14, 16, and 17 of U.S. Patent No. 7,304,703; and claims 10, 17, and 20 of U.S. Patent No. 7,304,626, and whether an industry in the United States exists as required by subsection (a)(2) of section 337;

(2) For the purpose of the investigation so instituted, the following are hereby named as parties upon which this notice of investigation shall be served:

(a) The complainant is—
Sharp Corporation, 22–22 Nagaike-cho, Abeno-ku, Osaka 545–8522, Japan.

(b) The respondents are the following entities alleged to be in violation of section 337, and are the parties upon which the complaint is to be served:
Samsung Electronics Co., Ltd., 416 maetan-dong, Youngtong-gu, Suwon, Kyunggi-Do, Korea 443–742.
Samsung Electronics America, Inc., 105 Challenger Road, Ridgefield Park, New Jersey 07660.
Samsung Semiconductor, Inc., 3655 North First Street, San Jose, California 95134.

(c) The Commission investigative attorney, party to this investigation, is Bryan F. Moore, Esq., Office of Unfair Import Investigations, U.S. International Trade Commission, 500 E Street, SW., Room 401, Washington, DC 20436; and

(3) For the investigation so instituted, the Honorable Paul J. Luckern is designated as the presiding administrative law judge.

Responses to the complaint and the notice of investigation must be submitted by the named respondent in accordance with section 210.13 of the Commission's Rules of Practice and Procedure, 19 CFR 210.13. Pursuant to 19 CFR 201.16(d) and 210.13(a), such responses will be considered by the Commission if received not later than 20 days after the date of service by the Commission of the complaint and the notice of investigation. Extensions of time for submitting responses to the complaint and the notice of investigation will not be granted unless good cause therefor is shown.

Failure of the respondent to file a timely response to each allegation in the complaint and in this notice may be deemed to constitute a waiver of the right to appear and contest the allegations of the complaint and this notice, and to authorize the administrative law judge and the Commission, without further notice to the respondent, to find the facts to be as alleged in the complaint and this notice and to enter an initial determination and a final determination containing such findings, and may result in the issuance of an exclusion order or cease and desist orders or both directed against the respondent.

Issued: February 27, 2008.

By order of the Commission.

**Marilyn R. Abbott,**
*Secretary to the Commission.*
[FR Doc. E8–4072 Filed 3–3–08; 8:45 am]
**BILLING CODE 7020–02–P**

## INTERNATIONAL TRADE COMMISSION

**[Inv. No. 337–TA–635]**

## In the Matter of Certain Pesticides and Products Containing Clothianidin; Notice of Investigation

**AGENCY:** U.S. International Trade Commission.

**ACTION:** Institution of investigation pursuant to 19 U.S.C. 1337.

**SUMMARY:** Notice is hereby given that a complaint was filed with the U.S. International Trade Commission on January 31, 2008, under section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. 1337, on behalf of Sumitomo Chemical Co. Ltd. of Japan and Valent U.S.A. Corporation of Walnut Creek, California. A supplement to the complaint was filed on February 19, 2008. The complaint, as supplemented, alleges violations of section 337 based upon the importation into the United States, the sale for importation, and the sale within the United States after importation of certain pesticides and products containing clothianidin that infringe certain claims of U.S. Patent